# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HOLLIS, | 1:11-cv-01204-JLT HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR ORDER GRANTING HIM ACCESS TO PRISON LAW LIBRARY (Doc. 8) |
| v. | |
| | ORDER DENYING PETITIONER'S REQUEST FOR STATUS (Doc. 8) |
| KATHLEEN ALLISON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2011, after conducting a preliminary review of the Petition, the Court issued an Order to Show Cause why the petition should not be dismissed for a violation of 28 U.S.C. § 2244(d)(1). (Doc. 3). The Court made a preliminary determination that the one-year limitation period would have expired on April 1, 2010, approximately fifteen months before Petitioner filed the instant petition on June 15, 2011. On August 3, 2011, Petitioner filed a response to the Order to Show Cause in which he contended that his appointed counsel had failed to timely deliver his case file to him, thus preventing him from conducting the type of thorough review of his case required to prepare and file a federal habeas petition. (Doc. 5). Because the Court could not make a final determination regarding timeliness based on the record before the Court at that time, the Court, on

1  October 20, 2011, ordered Respondent to file a response within sixty days.  (Doc. 9).

2  Prior to that order, Petitioner had filed the instant motion for access to the prison law library
3  on August 19, 2011.  Petitioner also requests various updates from the Court regarding documents it
4  has received or has not received from Petitioner.  For the reasons discussed below, the Court denies
5  all of Petitioner's motions.

6  **DISCUSSION**

7  A.  Access To The Prison Law Library.

8  The Court denies Petitioner's motion for an order granting him access to the prison law
9  library for several reasons.  First, Petitioner has failed to show that he is being denied access.
10 Petitioner has made several self-serving allegations; however, he has provided no proof, either
11 through documents or declarations under penalty of perjury, of being systematically denied access to
12 the law library either over time or in an individual instance that bears upon the instant proceedings.
13 Indeed, it appears that Petitioner, who was originally incarcerated at the California Substance Abuse
14 Treatment Facility but who is now apparently in the custody of the Ventura County jail, is engaged in
15 various legal cases, e.g., Hollis v. Valley Ready Mix Gillet Trucking, Kern Co. Case no. S-1500-CL-
16 254872, and the child custody case for which he is presently in Ventura County, that have no
17 connection whatever with the instant habeas petition. (Doc. 8, pp. 3; 10).  Petitioner may not use the
18 filing of the instant petition as a "gateway" for asking the district court to order state courts and state
19 prison and jail facilities to accommodate Petitioner in cases unrelated to the instant case.

20 Second, and more precisely, the Court lacks jurisdiction, within the framework of a habeas
21 corpus proceeding, to grant the relief Petitioner requests.  A  federal court is a court of limited
22 jurisdiction.  As a threshold and preliminary matter, the Court must have before it for consideration a
23 "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).   Absent such a case or
24 controversy, the Court has no power to hear the matter.  Rivera v. Freeman, 469 F.2d 1159, 1162-
25 1163 (9th Cir. 1972).

26 Petitioner is confined in the California Department of Corrections pursuant to a 2009
27 conviction in the Kern County Superior Court for having sex with an underage person and with
28 failing to timely register as a sex offender.   The Court's habeas jurisdiction was invoked and is

delimited by the habeas corpus petition filed on July 21, 2011, challenging his conviction for failure to register on the grounds that he was incarcerated during the registration period. Thus, the "case" or "controversy" over which this Court now has habeas jurisdiction is narrowly framed by that allegation in the petition.

That claim, however, does not relate in any fashion to Petitioner's complaint that the Ventura County jail is denying him access to the law library to prepare for the two aforementioned civil cases. Since the petition does not contain allegations raising issues similar to those presented in Petitioner's motion, there is no controversy present with respect to the issues in Petitioner's motion to which the Court's habeas jurisdiction would extend, nor would the issuance of the order sought by Petitioner in his motion provide relief as to any of the claim contained in his petition. Accordingly, the Court lacks jurisdiction to issue such an order.

Petitioner's concerns are more properly addressed in a claim raised pursuant to 42 U.S.C. § 1983. A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332. Petitioner's complaint about law library access is more properly raised as a civil rights complaint in the proper court.

Even were that not so, the Court would be extremely reluctant to extend its authority to issuance of an order requiring California prison or jail authorities to accommodate Petitioner's request for additional law library time. Federal courts are justifiably reticent to micro-manage a state respondent's decisions regarding the day-to-day handling of prison administration. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile

1  environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of

2  prison life...." <u>Sandin v. Conner</u>, 515 U.S. 472, 482 (1995).  In <u>Procunier v. Martinez</u>, 416 U.S. 396,

3  404-405 (1974), <u>overruled in part on other grounds</u>, <u>Thornburgh v. Abbott</u>, 490 U.S. 401 (1989), the

4  Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration.  In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions.  More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention.  Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication.  Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree.  Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.  Judicial recognition of that fact reflects no more than a healthy sense of realism.

<u>Procunier</u>, 416 U.S. at 404-405.  Thus, even if Petitioner had established that he was being systematically excluded form the Ventura Jail's law library, and even if the Court had habeas jurisdiction over such an issue, for the reasons set forth in <u>Sandin</u> and <u>Procunier</u>, this Court would be extremely hesitant to second-guess Respondent's decision to impose restrictions for law library access on the entire prison population based on current budgetary considerations. Accordingly, the Court will deny Petitioner's motion.

    B.   <u>Request For Status</u>.

As to Petitioner's request for a status report on the documents the Court has received or not received, Petitioner is advised that this federal district is the busiest federal district in the United States and has the largest percentage of prisoner cases in the country.  The Court is not in a position to keep every prisoner individually apprised of the status of their cases.  Indeed, in the original documents sent to Petitioner on July 22, 2011, the Court clearly indicated the following:

> "The court will notify you as soon as any action is taken in your case.  Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE.  As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case."

(Doc. 2, p. 2)(Emphasis in original).

1  The Court's policy regarding status inquiries has not changed since July 22, 2011.
2  Accordingly, the Court denies Petitioner's request for a status report.

ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for an order for access to the prison law library (Doc. 8), is DENIED:
2. Petitioner's request for status (Doc. 8), is DENIED.

IT IS SO ORDERED.

Dated:  **October 27, 2011**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE