# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HOLLIS,<br><br>              Petitioner,<br><br>     v.<br><br>KATHLEEN ALLISON, Warden,<br><br>              Respondent. | 1:11-cv-01204-JLT HC<br><br>ORDER GRANTING RESPONDENT'S DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS AND FOR FAILURE TO PROSECUTE (Doc. 14)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEAL ABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 3, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). On December 20, 2011, Respondent filed her written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 15).

The instant federal petition for writ of habeas corpus was filed on June 15, 2011.[1] On July 27, 2011, after a preliminary review of the petition suggested that it may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed for violation of 28 U.S.C. § 2244(d). On August 3, 2011, Petitioner filed a response, contending that he had been denied access to his legal papers by his appointed counsel and therefore could not file his federal petition within the time required by statute. (Doc. 5). Based on Petitioner's allegations, which offered the at least the possibility that evidence could be presented to support equitable tolling sufficient to make the petition timely, the Court ordered Respondent to file a response on October 20, 2011. (Doc. 9).

On October 28, 2011, the Court's order denying one of Petitioner's earlier motions was returned to the Court and marked "undeliverable" and "not in custody." On November 4, 2011, Petitioner's copy of the October 20, 2011 order was also returned marked "undeliverable" and "not in custody." On December 15, 2011, Respondent filed the instant motion to dismiss, contending that the petition is untimely. (Doc. 14). Petitioner has not filed an opposition to Respondent's motion or otherwise communicated with the Court since August 19, 2011.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition under penalty of perjury on June 15, 2011. (Doc. 1, p. 11).

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the July 27, 2011 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 15, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner alleges that he was convicted on January 31, 2009. (Doc. 1, p. 1). Petitioner alleges that he pleaded guilty in the trial court and did not file an appeal from his conviction. (Id.).

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on April 1, 2009, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on April 2, 2009, and Petitioner would have had one year from that date, or until April 1, 2010, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on June 15, 2011, over fifteen months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

4

U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents filed by Respondent establish that Petitioner filed the following state habeas petitions: (1) filed in the Kern County Superior Court on December 21, 2009, and denied on March 10, 2010 (Lodged Documents ("LD") 2, 3); (2) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on August 5, 2010, and denied on August 11, 2010 (LD 4, 5); (3) filed in the 5th DCA on October 6, 2010, and denied on November 18, 2010 (LD 6, 7); (4) filed in the

1  Kern County Superior Court on October 6, 2010, and denied on January 11, 2011 (LD 8, 9);  (5)

2  filed in the 5th DCA on March 1, 2011, and denied without prejudice on May 5, 2011 (LD 10, 11);

3  and (6) filed in the California Supreme Court on June 10, 2011, and denied on July 13, 2011.  (LD

4  12, 13).

5        Assuming, without deciding, that Petitioner's first state habeas petition, filed in the Kern

6  County Superior Court on December 21, 2009, was "properly filed" for purposes of AEDPA tolling,

7  at the time of filing of that petition 263 days had already elapsed of the one-year limitation period,

8  leaving Petitioner only 102 days within which to file his federal petition.  When the first petition was

9  denied on March 10, 2010, the one-year period re-commenced the following day, or on March 11,

10  2010, and expired 102 days later, i.e., on June 20, 2010.

11        The remaining five state habeas petitions would not afford Petitioner any statutory tolling

12  benefit since the one-year period expired before those last five petitions were filed.   A petitioner is

13  not entitled to tolling where the limitations period has already run prior to filing a state habeas

14  petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th

15  Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.

16  Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the

17  limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d

18  919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after

19  expiration of the one-year limitations period).

20        Thus, the one-year period expired on June 20, 2010, and therefore, unless Petitioner is

21  entitled to equitable tolling, the petition is untimely and should be dismissed.

22        D.  Equitable Tolling

23        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

24  equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

25  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

26  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

27  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

28  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. However, giving Petitioner the benefit of every doubt, he does indicate in his petition that he did not file a direct appeal from his conviction because he did not know he could and because of his trial counsel's lack of effective assistance. These grounds, however, without more, do not justify equitable tolling.

A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Moreover, attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period. Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Only attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. Even if true, Petitioner's claim that his trial attorney failed to inform him in a timely fashion of his right to appeal is only an allegation of simple attorney negligence, not of gross or extraordinary misconduct. Thus, Petitioner is not entitled to equitable tolling.

That being the case, the petition is untimely and must be dismissed.

E. <u>Failure to Prosecute</u>.

As an independent grounds for dismissal, the Court finds that Petitioner has failed to apprise the Court of his current address and has otherwise failed to communicate with the Court, thus failing in his duty to prosecute this action in a timely manner.

As mentioned, the last two orders sent by the Court to Petitioner's last available address were returned "undeliverable" and "not in custody." Petitioner has not communicated with the Court since August 19, 2011.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for over six months since Petitioner's last communication with the Court. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of

cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Additionally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.  Finally, the Order to Show Cause explained to Petitioner that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110. Thus, Petitioner was on notice that his failure to communicate with the Court could result in dismissal of his petition.

For all of the foregoing reasons, the Court will dismiss the petition.  Moreover, the Court declines to issue a certificate of appealability.   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

1    In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

### **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss (Doc. 14), is GRANTED.
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to comply with the one-year statute of limitations in 28 U.S.C. § 2244(d) and for failure to prosecute.
3. The Clerk of the Court is DIRECTED to enter judgment for Respondent and close the file.
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 24, 2012**                             **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE